UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PHILIPPE BUHANNIC,

               Plaintiff,

– *against* –

TRADINGSCREEN INC.,

               Defendant.

**ORDER**

19 Civ. 2915 (ER)

RAMOS, D.J.:

    Philippe Buhannic, *pro se*, filed one of his many complaints before this Court on April 2, 2019.[1] In his handwritten complaint, he makes the following allegation: "[Exercise] my majority vote of the common stocks of TradingScreen." Compl. at 5, Doc. 1. His injuries, he alleges, are the following: "Lost unduly [*sic*] control of my company, a $650M USD loss." *Id.* at 6. For relief, he asks, "Written consent changing board meetings[,] organization annual meeting[,] block corporate transactions." *Id.*

    Complaints filed in federal court must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

> The function of pleadings under the Federal Rules is to give fair notice of the claim asserted. Fair notice is that which will enable the adverse party to answer and prepare for trial, allow the application of *res judicata*, and identify the nature of the case so it may be assigned the proper form of trial.

*Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995) (internal quotation marks and citations omitted). "When a complaint fails to comply with these requirements, the district court has the power, on motion or *sua sponte,* to dismiss the complaint . . . ." *Id.*

    Buhannic's barely intelligible complaint fulfills none of the functions of Rule 8, especially given the potential defenses of *res judicata* presented by Buhannic's ever-

---

[1] For a full description of Buhannic's litigation history, see generally the simultaneously filed Opinions and Orders in 18 Civ. 9351 and 19 Civ. 10650. In the Order filed in 19 Civ. 10650, this Court enters a filing injunction against Buhannic for his vexatious conduct.

expanding list of adverse judgements in Delaware's Court of Chancery, an arbitral tribunal of the American Arbitration Association, New York's Supreme Court, and this District.  *See Schroeder v. Buhannic*, No. 12328-VCL (Del. Ch. June 27, 2016); *Buhannic v. Tradingscreen, Inc.*, No. 653624/2016 (N.Y. Sup. Ct. Aug. 9, 2019); *Buhannic v. Tradingscreen Inc.*, No. 17 Civ. 7993 (ER), 2018 WL 3611985 (S.D.N.Y. July 27, 2018), *aff'd*, 779 F. App'x 52 (2019); *Buhannic v. Schroeder*, Nos. 18 Civ. 5371, 5372, 7997, 9351, 9447, 10170, 2019 WL 4735378 (S.D.N.Y. Sept. 27, 2019), *appeals dismissed*, No. 19-3493 (2d Cir. Feb. 7, 2020), Nos. 19-3498, 3503, 3504, 3508, 3513 (2d Cir. Apr. 30, 2020); *Buhannic v. N.Y. Appeal Court 1st District*, No. 19 Civ. 1132 (PGG) (S.D.N.Y. Sept. 30, 2019), *Buhannic v. Ramos*, No. 20 Civ. 3759 (LLS) (S.D.N.Y. May 22, 2020), *Buhannic v. American Arbitration Association*, No. 18 Civ. 2430 (ER) (S.D.N.Y. July 20, 2020), *Buhannic v. Tradingscreen Inc.*, Nos. 18 Civ. 9351 (ER) (S.D.N.Y. July 20, 2020), *Buhannic v. Tradingscreen Inc.*, Nos. 19 Civ. 10650, 20 Civ. 3421, 4671 (ER) (S.D.N.Y. July 20, 2020).

The Court is aware of "the well established rule[] that the complaint of a *pro se* litigant should be liberally construed in his favor," and that "it will generally be an abuse of discretion to deny leave to amend when dismissing a nonfrivolous original complaint on the sole ground that it does not constitute the short and plain statement required by Rule 8," *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).  Nevertheless, the Court finds that dismissal without leave to amend is appropriate because this matter "is one of [those] cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Id.*  Moreover, as a result of Buhannic's lengthy and tortured litigation history this Court has issued a filing injunction against him in an Opinion and Order also issued today.  *See Buhannic v. Tradingscreen Inc.*, Nos. 19 Civ. 10650, 20 Civ. 3421, 4671 (ER) (S.D.N.Y. July 20, 2020).  Justice does not require granting him leave to amend, Fed. R. Civ. P. 15(a), and any such leave would certainly be futile.

Accordingly, this matter is DISMISSED with prejudice. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from the Court's Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). The Clerk of Court is respectfully directed to terminate the case.

It is SO ORDERED.

Dated:   July 20, 2020
        New York, New York

                                            EDGARDO RAMOS, U.S.D.J.